UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JORGE AQUINO, AD4968,
    Plaintiff,

v.

E. RASAVI, DDS, et al.,
    Defendants.

Case No. 16-cv-03167-SK

**ORDER OF SERVICE**

Plaintiff, a prisoner at the California Institution for Men (CIM) in Chino, California, has filed a pro se complaint for damages under 42 U.S.C. § 1983 alleging deliberate indifference during a dental scaling procedure when he was incarcerated at the Correctional Training Facility (CTF) in Soledad, California.

The complaint is properly before the undersigned for preliminary screening because plaintiff has consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

**DISCUSSION**

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Plaintiff alleges that on April 9, 2015, CTF dentist E. Rasavi was deliberately indifferent to his health and safety needs when, during a scaling procedure on plaintiff's teeth, Rasavi "knowingly, carelessly and recklessly" cut plaintiff's gums unnecessarily several times causing bleeding and later an infection, used excessive amounts of anesthesia to cover up his actions and burned plaintiff's lower lip by "knowingly and recklessly" using faulty equipment. Compl. (ECF No.1) at 8.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A "serious medical need" exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing Estelle, 429 U.S. at 104), overruled in part on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); see also Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989) (dental care important medical need of inmates). A prison official is "deliberately indifferent" only if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Neither negligence nor gross negligence warrant liability under the Eighth Amendment. Id. at 835-36 & n.4. An "official's failure to alleviate a significant risk that he should have perceived but did not . . . cannot under our cases be condemned as the infliction of punishment." Id. at 838. Instead, "the official's conduct must have been 'wanton,' which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (citing Wilson v.

Seiter, 501 U.S. 294, 302-03 (1991)).

Liberally construed, plaintiff's allegations state an arguably cognizable § 1983 claim for damages against Rasavi for deliberate indifference to plaintiff's health and safety and will be ordered served on Rasavi. See McGuckin v. Smith, 974 F.2d 1050, 1062 (9th Cir. 1992) (deliberate indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which prison officials provide medical care), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  But CTF Warden Shawn Hatten and Secretary of California Department of Corrections and Rehabilitation (CDCR) Scott Kernan, whom plaintiff names as additional defendants on the ground that they were charged with his safety and welfare, will be dismissed because there is no indication whatsoever that they knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it.  See Farmer, 511 U.S. at 837; see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (under no circumstances is there liability under § 1983 solely because one is responsible for the actions or omissions of another).  This § 1983 action may proceed against Rasavi only.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, (1) a copy of the operative complaint in this matter and all attachments thereto, (2) a notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form (requesting that each defendant consent or decline to consent within 28 days of receipt of service), and (3) a copy of this order on defendant E. Rasavi, DDS, at CTF. Defendants Hatten and Kernan are dismissed.  The clerk also shall serve a copy of this order on plaintiff.

2. In order to expedite the resolution of this case, the court orders as follows:

   a. No later than 90 days from the date of this order, defendant shall serve

3

1  and file a motion for summary judgment or other dispositive motion.  A motion for
2  summary judgment must be supported by adequate factual documentation and must
3  conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits
4  all records and incident reports stemming from the events at issue.  A motion for summary
5  judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely
6  and adequate notice of what is required of him in order to oppose the motion.  Woods v.
7  Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland,
8  154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary
9  judgment).  A motion to dismiss for failure to exhaust available administrative remedies
10 (where such a motion, rather than a motion for summary judgment for failure to exhaust, is
11 appropriate) must be accompanied by a similar notice.  Stratton v. Buck, 697 F.3d 1004,
12 1008 (9th Cir. 2012); Woods, 684 F.3d at 935 (notice requirement set out in Wyatt v.
13 Terhune, 315 F.3d 1108 (9th Cir. 2003), overruled on other grounds by Albino v. Baca,
14 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), must be served concurrently with motion to
15 dismiss for failure to exhaust available administrative remedies).

16      If defendant is of the opinion that this case cannot be resolved by summary
17 judgment or other dispositive motion, he shall so inform the court prior to the date his
18 motion is due.  All papers filed with the court shall be served promptly on plaintiff.

19          b.      Plaintiff must serve and file an opposition or statement of non-
20 opposition to the dispositive motion not more than 28 days after the motion is served and
21 filed.

22          c.      Plaintiff is advised that a motion for summary judgment under Rule
23 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells
24 you what you must do in order to oppose a motion for summary judgment.  Generally,
25 summary judgment must be granted when there is no genuine issue of material fact – that
26 is, if there is no real dispute about any fact that would affect the result of your case, the
27 party who asked for summary judgment is entitled to judgment as a matter of law, which
28 will end your case.  When a party you are suing makes a motion for summary judgment

4

1   that is properly supported by declarations (or other sworn testimony), you cannot simply
2   rely on what your complaint says.  Instead, you must set out specific facts in declarations,
3   depositions, answers to interrogatories, or authenticated documents, as provided in [current
4   Rule 56(c)], that contradicts the facts shown in the defendant's declarations and documents
5   and show that there is a genuine issue of material fact for trial.  If you do not submit your
6   own evidence in opposition, summary judgment, if appropriate, may be entered against
7   you.  If summary judgment is granted, your case will be dismissed and there will be no
8   trial.  Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

9       Plaintiff also is advised that a motion to dismiss for failure to exhaust available
10  administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit
11  without prejudice.  You must "develop a record" and present it in your opposition in order
12  to dispute any "factual record" presented by the defendants in their motion to dismiss.
13  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  You have the right to present
14  any evidence to show that you did exhaust your available administrative remedies before
15  coming to federal court.  Such evidence may include: (1) declarations, which are
16  statements signed under penalty of perjury by you or others who have personal knowledge
17  of relevant matters; (2) authenticated documents – documents accompanied by a
18  declaration showing where they came from and why they are authentic, or other sworn
19  papers such as answers to interrogatories or depositions; (3) statements in your complaint
20  insofar as they were made under penalty of perjury and they show that you have personal
21  knowledge of the matters state therein.  In considering a motion to dismiss for failure to
22  exhaust, the court can decide disputed issues of fact with regard to this portion of the case.
23  Stratton, 697 F.3d at 1008-09.

24      (The Rand and Wyatt/Stratton notices above do not excuse defendants' obligation
25  to serve said notices again concurrently with motions to dismiss for failure to exhaust
26  available administrative remedies and motions for summary judgment.  Woods, 684 F.3d
27  at 935.)

28      d.    Defendant must serve and file a reply to an opposition not more than

1  14 days after the opposition is served and filed.

2      e.    The motion shall be deemed submitted as of the date the reply is due.
3  No hearing will be held on the motion unless the court so orders at a later date.

4      3.    Discovery may be taken in accordance with the Federal Rules of Civil
5  Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local
6  Rule 16 is required before the parties may conduct discovery.

7      4.    All communications by plaintiff with the court must be served on defendant,
8  or defendant's counsel once counsel has been designated, by mailing a true copy of the
9  document to defendant or defendant's counsel.

10      5.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
11  court and all parties informed of any change of address and must comply with the court's
12  orders in a timely fashion.  Failure to do so may result in the dismissal of this action
13  pursuant to Federal Rule of Civil Procedure 41(b).

14  **IT IS SO ORDERED**.

15  Dated: June 30, 2016

_____

SALLIE KIM
United States Magistrate Judge